IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KAREN HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | 14-CV-626-JHP-FHM |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | COMPLAINT |
| (1) CREDITORS RECOVERY CORP, AND | ) | (Unlawful Debt Collection Practices) |
| (2) MALCOM P. HAMMOND | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | | |

## COMPLAINT

NOW COMES Plaintiff, Karen Hopkins, and for her Complaint against Defendants, Creditors Recovery Corp. and Malcom P. Hammond, alleges as follows:

### INTRODUCTION

1. Plaintiff states a claim against Creditors Recovery Corp. and its attorney, Malcom P. Hammond, for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

2. In 1978, Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

COMPLAINT                                                                                                         1

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4.  Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

5.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.  Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C.

1692a(5).

8. Each Defendant is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Creditors Recovery Corp. is a collections business with an office in Tulsa, Oklahoma.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant Malcom Hammond is an attorney that <u>shares an office</u> with Defendant Creditors Recovery Corp. in Tulsa, Oklahoma.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

12. On or about June 28, 2013, Defendants filed a lawsuit against Plaintiff, styled *Creditors Recovery Corp. v. Karen Hopkins*, Tulsa County Case No. CS-13-4070 seeking to collect on a disputed dental bill for Plaintiff's daughter (the "State Court Case").

13. In the Petition filed by Defendants, Defendants claimed, "Plaintiff was assigned all rights, titles, and interest in said account." However, through discovery later produced by Defendants, this was an untrue statement, as Defendants have since revealed that the original creditor still maintains a legal, equitable or beneficial interest in the alleged debt in the State Court Case.

14. Defendants falsely claimed in a "Due Diligence Affidavit" the State Court Case that it was unable to locate Plaintiff, and therefore needed to obtain service through publication. However, Defendants later divulged that it made little or no effort to locate the Plaintiff. In fact, it appears that Defendants had Plaintiff's address all along as on or about January 31, 2014, Defendants wrote to Plaintiff, and falsely stated that a judgment had been taken against her, and

threatening that a "Bench Warrant" could issue for her arrest if she didn't show for an Asset Hearing which had not been ordered by the judge in the State Court Case.

15. On February 6, 2014, the Defendants filed a default judgment in favor of Creditors Recovery Corp.

16. Also on February 6, 2014, *the same date that judgment was filed against Plaintiff*, Defendants filed and served a Garnishment Affidavit on her employer.

17. On February 28, 2014, Plaintiff filed her Motion to Quash the Garnishment Summons served on her employer. On May 22, 2014, the court in the State Court Case conducted a hearing in regarding Plaintiff's Motion to Quash Garnishment and found that "the Garnishment Summons was an improper execution or other proceeding for enforcement of the judgment pursuant to *Okla. Stat.* tit. 12, §990.3(A)." (*See* Agreed Journal Entry and Order, filed September 30, 2014, attached as Exhibit 1). During this hearing, the Court also vacated the default judgment entered against Plaintiff.

18. During the course of the improper garnishment, Plaintiff's employer withheld $1,319.53 and provided this amount to the Defendants. After the May 22, 2014 hearing, Defendants returned $1,177.77 of the improperly-garnished funds, but have refused to return the remainder, claiming that they never received it.

19. Plaintiff has suffered actual damages because of these illegal collection activities by these Defendants in the form of wrongfully-withheld garnished funds, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

20. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Malcom P. Hammond who communicated with

Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Creditors Recovery Corp.

21. The acts and omissions by Malcom P. Hammond and his employee debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Creditors Recovery Corp. in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, Malcom P. Hammond and his employee debt collectors were motivated to benefit their principal, Creditors Recovery Corp.

23. Creditors Recovery Corp. is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, in their attempts to collect this alleged debt from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

24. Defendants violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendants violated §1692e of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiffs' alleged debt, including stating in its State Court Case Petition that Defendant Creditors Recovery Corp. "was assigned all rights, titles, and interest in said account."

b) Defendants violated §1692e(2)(A) of the FDCPA by falsely representing the legal status of the alleged debt in its January 31, 2014 letter.

c) Defendants violated §1692e(4) of the FDCPA by falsely representing in its

January 31, 2014 letter that if the alleged debt was not paid, "Execution against [Plaintiff's] property by the "Sheriff's Department" or a "Bench Warrant for [Plaintiff's] arrest could be issued."

    d)    Defendants violated §1692e(5) of the FDCPA by falsely representing in its January 31, 2014 letter that if the alleged debt was not paid, "Execution against [Plaintiff's] property by the "Sheriff's Department" or a "Bench Warrant for [Plaintiff's] arrest could be issued."

    e)    Defendants violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by filing an affidavit claiming it was unable to locate Plaintiff in order to obtain service by publishing the Summons and claims against Plaintiff, depriving her of any legitimate notice of the State Court Case.

    f)    Defendants violated §1692f(1) of the FDCPA by collection of amounts through the illegal garnishment of Plaintiff not permitted by law.

**WHEREFORE**, Plaintiff, Karen Hopkins, respectfully prays that judgment be entered against Defendants, Creditors Recovery Corp. and Malcom P. Hammond, for the following:

    a)    Statutory damages of $1,000.00 against *each* defendant, pursuant to the FDCPA, 15 U.S.C. 1692k;

    b)    Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

    d)    Any other relief that this court deems to be just and proper.

        Respectfully submitted,

        /s/ Victor R. Wandres
        Victor R. Wandres, OBA #19591

        PARAMOUNT LAW
        CONSUMER PROTECTION FIRM

        4835 S. Peoria Ave., Suite 1
        Tulsa, OK 74105
        (918) 200-9272 voice
        (918) 895-9774 fax
        victor@paramount-law.net